# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Dammione Meyers, Patricia Roberts, and Ernestine Washington, | |
| *Address*<br>525 N. Tryon Street, Suite 1400 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Charlotte　　　　　NC　　28202 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>Catamount Marketing Group, Inc., d/b/a "The Benefit Corner,"<br><br>Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Michael S. Landis<br>Concelium, LLC<br>7906 Black Cherry Court<br>Harrisburg　　　　　　NC　　28075 | *Name And Address Of Defendant 2* |
|---|---|

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>T. Jonathan Adams<br>Hamilton, Stephens, Steele + Martin, PLLC<br>525 N. Tryon Street, Suite 1400<br>Charlotte　　　　　　NC　　28202 | *Date Issued*<br>9/7/18 | *Time*<br>3:47　☐ AM　☒ PM |
|---|---|---|
| | *Signature*<br>*Rosa Vang* | |
| | ☒ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM　☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC　☐ Assistant CSC　☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

**EXHIBIT**

A

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No. *18CVS17619*

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| Dammione Meyers, Patricia Roberts, and Ernestine Washington, | |

**Address**
525 N. Tryon Street, Suite 1400

| City, State, Zip | | |
| --- | --- | --- |
| Charlotte | NC | 28202 |

## VERSUS

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) |
| --- |
| Catamount Marketing Group, Inc., d/b/a "The Benefit Corner," |
| Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al |

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| Catamount Marketing Group, Inc. | Catamount Marketing Group, Inc. |
| 7906 Black Cherry Court | 6135 Park South Drive |
| Harrisburg      NC    28075 | Charlotte      NC    28210 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 9/7/18 | Time 3:47 ☐ AM ☒ PM |
| --- | --- | --- |
| T. Jonathan Adams | Signature *Rosa Vong* | |
| Hamilton, Stephens, Steele + Martin, PLLC | | |
| 525 N. Tryon Street, Suite 1400 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |
| Charlotte      NC    28202 | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
| --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No. 18 CVS 1769

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| Dammione Meyers, Patricia Roberts, and Ernestine Washington, | |
| Address | |
| 525 N. Tryon Street, Suite 1400 | **CIVIL SUMMONS** |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| Charlotte                    NC      28202 | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
| --- | --- |
| Catamount Marketing Group, Inc., d/b/a "The Benefit Corner," | |
| Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al | Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| Concelium, LLC | |
| 7906 Black Cherry Court | |
| Harrisburg                    NC      28075 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
| --- | --- | --- |
| T. Jonathan Adams | 9/7/18 | 3:47 ☐ AM ☒ PM |
| Hamilton, Stephens, Steele + Martin, PLLC | Signature | |
| 525 N. Tryon Street, Suite 1400 | | |
| Charlotte                    NC      28202 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
| --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No. *18 CVS 17619*

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>Dammione Meyers, Patricia Roberts, and Ernestine Washington, | |
| Address<br>525 N. Tryon Street, Suite 1400 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip<br>Charlotte                    NC      28202 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>Catamount Marketing Group, Inc., d/b/a "The Benefit Corner,"<br><br>Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Christopher Bryan Landis<br>Catamount Marketing Group, Inc.<br>7906 Black Cherry Court<br>Harrisburg                    NC      28075 | Christopher Bryan Landis<br>Concelium, LLC<br>7906 Black Cherry Court<br>Harrisburg                    NC      28075 |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>T. Jonathan Adams<br>Hamilton, Stephens, Steele + Martin, PLLC<br>525 N. Tryon Street, Suite 1400<br>Charlotte                    NC      28202 | Date Issued<br>9/7/18 | Time<br>3:47 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>*Rosa Vang* | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No. **8CVS 17619**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>Dammione Meyers, Patricia Roberts, and Ernestine Washington, | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| Address<br>525 N. Tryon Street, Suite 1400 | |
| City, State, Zip<br>Charlotte NC 28202 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| Name Of Defendant(s)<br>Catamount Marketing Group, Inc., d/b/a "The Benefit Corner,"<br><br>Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>Karen B. Landis<br>Concelium, LLC<br>7906 Black Cherry Court<br>Harrisburg NC 28075 | Name And Address Of Defendant 2 |
|---|---|

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)<br>T. Jonathan Adams<br>Hamilton, Stephens, Steele + Martin, PLLC<br>525 N. Tryon Street, Suite 1400<br>Charlotte NC 28202 | Date Issued 9/7/18 | Time 3:47 ☐AM ☒PM |
|---|---|---|
| | Signature _Rosa Vasquez_ | |
| | ☒ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐AM ☐PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No. 18 CVS 17619

| | |
|---|---|
| **Name Of Plaintiff** | |
| Dammione Meyers, Patricia Roberts, and Ernestine Washington, | **CIVIL SUMMONS** |
| **Address** | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| 525 N. Tryon Street, Suite 1400 | |
| **City, State, Zip** | |
| Charlotte                NC      28202 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| **Name Of Defendant(s)** | **Date Original Summons Issued** |
| Catamount Marketing Group, Inc., d/b/a "The Benefit Corner," | |
| | **Date(s) Subsequent Summons(es) Issued** |
| Concelium, LLC, d/b/a Liberty Tax, Christopher Bryan Landis, et al | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Amy S. Clay | Amy S. Clay |
| Catamount Marketing Group, Inc. | Catamount Marketing Group, Inc. |
| 7906 Black Cherry Court | 517 Park Street |
| Harrisburg                NC      28075 | Kannapolis                NC      28083 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)** | **Date Issued** 9/7/18 | **Time** 3:47 ☐ AM ☒ PM |
| T. Jonathan Adams | **Signature** Rosa Vasp | |
| Hamilton, Stephens, Steele + Martin, PLLC | | |
| 525 N. Tryon Street, Suite 1400 | | |
| Charlotte                NC      28202 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)** | **Date Of Endorsement** | **Time** ☐ AM ☐ PM |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Signature** | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

FILED

__MECKLENBURG__ County

2018 SEP -7 PM 3: 47

MECKLENBURG CO., C.S.C.

BY

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name And Address Of Plaintiff 1 | |
| --- | --- |
| DAMMIONE MEYERS | |
| HAMILTON, STEPHENS, STEELE + MARTIN, PLLC | |
| 525 N. TRYON STREET, SUITE 1400 | |
| CHARLOTTE | NC   28202 |

**GENERAL**

**CIVIL ACTION COVER SHEET**

☒ INITIAL FILING        ☐ SUBSEQUENT FILING

| Name And Address Of Plaintiff 2 | |
| --- | --- |
| PATRICIA ROBERTS | |
| HAMILTON, STEPHENS, STEELE + MARTIN, PLLC | |
| 525 N. TRYON STREET, SUITE 1400 | |
| CHARLOTTE | NC   28202 |

Rule 5(b), Rules of Practice For Superior and District Courts

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

T. Jonathan Adams
Hamilton, Stephens, Steele + Martin, PLLC
525 N. Tryon Street, Suite 1400
Charlotte                                                NC   28202

**VERSUS**

| Name Of Defendant 1 | |
| --- | --- |
| CATAMOUNT MARKETING GROUP, INC., d/b/a "THE | |
| BENEFIT CORNER," | |
| 7906 BLACK CHERRY COURT | |
| HARRISBURG | NC   28075-8353 |

North Carolina Attorney Bar No.
21890

| Summons Submitted | |
| --- | --- |
| ☒ Yes ☐ No | |

☒ Initial Appearance in Case        ☐ Change of Address

| Name Of Defendant 2 | |
| --- | --- |
| CONCELIUM, LLC, d/b/a LIBERTY TAX | |
| 7906 BLACK CHERRY COURT | |

Name Of Firm
Hamilton, Stephens, Steele + Martin, PLLC

| HARRISBURG | NC   28075-8353 |
| --- | --- |

| Telephone No. | FAX No. |
| --- | --- |
| (704)344-1117 | (704)344-1483 |

| Summons Submitted | |
| --- | --- |
| ☒ Yes ☐ No | |

Counsel for
☒ All Plaintiffs  ☐ All Defendants  ☐ Only (List party(ies) represented)

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

| **TYPE OF PLEADING** | **CLAIMS FOR RELIEF FOR:** |
| --- | --- |
| (check all that apply) | (check all that apply) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Administrative Appeal (ADMA) |
| ☐ Amended Complaint (AMND) | ☐ Appointment of Receiver (APRC) |
| ☐ Answer/Reply (ANSW-Response) | ☐ Attachment/Garnishment (ATTC) |
| ☒ Complaint (COMP) | ☐ Claim and Delivery (CLMD) |
| ☐ Confession of Judgment (CNFJ) | ☐ Collection on Account (ACCT) |
| ☐ Counterclaim vs. (CTCL) | ☐ Condemnation (CNDM) |
| ☐ All Plaintiffs  ☐ Only (List on back) | ☐ Contract (CNTR) |
| ☐ Crossclaim vs. (List on back) (CRSS) | ☐ Discovery Scheduling Order (DSCH) |
| ☐ Extend Statute of Limitations, Rule 9 (ESOL) | ☐ Injunction (INJU) |
| ☐ Extend Time For Answer (MEOT-Response) | ☐ Medical Malpractice (MDML) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Minor Settlement (MSTL) |
| ☐ Rule 12 Motion In Lieu Of Answer (MDLA) | ☒ Money Owed (MNYO) |
| ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL) | ☐ Negligence - Motor Vehicle (MVNG) |
| ☐ Other: (specify) | ☐ Negligence - Other (NEGO) |
| | ☐ Motor Vehicle Lien G.S. 44A (MVLN) |
| | ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP) |
| | ☐ Possession of Personal Property (POPP) |
| | ☐ Product Liability (PROD) |
| | ☐ Real Property (RLPR) |
| | ☐ Specific Performance (SPPR) |
| | ☐ Other: (specify) |

NOTE: Small claims are exempt from cover sheets.

| Date | Signature Of Attorney/Party |
| --- | --- |
| 09/07/2018 | |

NOTE: The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 2/06, © 2006 Administrative Office of the Courts          (Over)

| No. | ☒ Additional Plaintiff(s) |
|-----|---------------------------|
|     | ERNESTINE WASHINGTON |
|     |  |
|     |  |
|     |  |
|     |  |
|     |  |
|     |  |
|     |  |
|     |  |

| No. | ☒ Additional Defendant(s)  ☐ Third Party Defendant(s) | Summons Submitted |
|-----|--------------------------------------------------------|-------------------|
|     | CHRISTOPHER BRYAN LANDIS | ☒ Yes ☐ No |
|     | AMY SHOE CLAY | ☒ Yes ☐ No |
|     | KAREN B. LANDIS | ☒ Yes ☐ No |
|     | MICHAEL S. LANDIS | ☒ Yes ☐ No |
|     |  | ☐ Yes ☐ No |
|     |  | ☐ Yes ☐ No |
|     |  | ☐ Yes ☐ No |
|     |  | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 2/06
© 2006 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG 18 SEP -7  PM 2: 47   18-CVS-17619

MECKLENBURG CO. C.S.C.

DAMMIONE MEYERS, PATRICIA
ROBERTS, and ERNESTINE WASHINGTON,

        Plaintiffs,

        vs.

                             **COMPLAINT**

CATAMOUNT MARKETING GROUP, INC.,
d/b/a "THE BENEFIT CORNER,"
CONCELIUM, LLC, d/b/a LIBERTY TAX,
CHRISTOPHER BRYAN LANDIS, AMY
SHOE CLAY, KAREN B. LANDIS, and
MICHAEL S. LANDIS,

        Defendants.

        Plaintiffs Dammione Meyers, Patricia Roberts, and Ernestine Washington (collectively, "Plaintiffs"), by and through their attorneys and for their original complaint (the "Complaint") against Defendants Catamount Marketing Group, Inc., d/b/a The Benefit Corner ("Catamount"), Concelium, LLC, d/b/a "Liberty Tax" ("Concelium"), Christopher Bryan Landis ("Chris Landis" or "Chris"), Amy Shoe Clay ("Amy Clay" or "Clay"), Karen B. Landis ("Karen Landis" or "Karen"), and Michael S. Landis ("Michael Landis" or "Michael") (collectively, "Defendants"), do hereby state and allege as follows:

## INTRODUCTION

        1.    The federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") is a remedial statute designed to ensure that employees who are suffered or permitted to work for an employer are paid at least the federal minimum wage rate for all hours worked and overtime wages for all hours worked in excess of 40 hours in individual work weeks.

1

2. To avoid these obligations, Defendants created a business model in which they recruited Plaintiffs and others to work as tax preparer employees and insurance agent "independent contractors" for, respectively, joint employers Concelium and Catamount, despite maintaining and exercising authority to control almost all aspects of Plaintiffs' work for both entities, and despite Plaintiffs having concurrent or overlapping duties for those Defendants.

3. Even when Defendants properly deemed Plaintiffs to be employees, they further knowingly and intentionally avoided their obligations under the FLSA by misrepresenting the hours for which Plaintiffs were entitled to compensation by telling Plaintiffs to "clock in" for only two hours per day plus actual time spent meeting with clients and preparing tax returns, despite requiring Plaintiffs to be in the office at least 40 hours per week, and usually well in excess of that amount.

4. Defendants also knowingly and intentionally defrauded Plaintiffs, by purposefully overstating the "commission" amounts Plaintiffs would be paid per insurance policy sold, and by falsely misrepresenting, failing, and/or refusing to pay Plaintiffs for actual commissions earned.

5. Defendants' business model and actions described in greater detail within this Complaint violates the broad remedial protections of the FLSA as well as North Carolina common law.

## NATURE OF THE CASE

6. This lawsuit arises in part under the FLSA, 29 U.S.C. §216(b) for Defendants': (a) willful and fraudulent failure to pay Plaintiffs for all time worked and wages earned in violation of the FLSA; (b) willful and fraudulent failure to pay Plaintiffs overtime wages for all hours worked over forty (40) in individual workweeks in violation of applicable law; and (c)

2

willful and fraudulent failure to pay Plaintiffs for all time worked at a rate agreed to by the parties.

7.     Plaintiffs also bring claims against Defendants under North Carolina Common Law for fraud and unjust enrichment for Defendants' knowing and willful misrepresentations to Plaintiffs about the hourly amounts Plaintiffs would be paid for their work for Concelium, and the amount of commissions they would be paid for each insurance policy sold for Catamount.

8.     Plaintiffs seek relief including a declaratory judgment, money damages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs to recover for Defendants' wrongful conduct as described herein, including Defendants' failure to pay Plaintiffs their earned and overtime wages as required by law and Defendants' fraudulent misrepresentations to induce Plaintiffs to go to work for Defendants.

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction because this is a civil case involving an amount in controversy in excess of $25,000.

10.     The court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §1-75.4.

11.     Venue is proper because Plaintiffs reside in Mecklenburg County and Defendants' acts and omissions giving rise to Plaintiffs' claims took place in Mecklenburg County.

12.     Plaintiffs have complied with all conditions precedent to the bringing of this action and all claims asserted herein.

13.     This action has been brought within all applicable statutes of limitation.

## PARTIES

3

14.     Plaintiff Dammione Meyers ("Mr. Meyers") is an individual and resident of Mecklenburg County, North Carolina. Mr. Meyers worked for Concelium from in or about October 2015 to in or about January 2016, and for Catamount from in or about July 2015 to in or about March 2016.

15.     Plaintiff Patricia Roberts ("Ms. Roberts") is an individual and resident of Mecklenburg County, North Carolina. Ms. Roberts worked for Concelium from in or about September 2014 to in or about April 2016, and for Catamount from in or about October 2015 to in or about February 2016.

16.     Plaintiff Ernestine Washington ("Ms. Washington") is an individual and resident of Mecklenburg County, North Carolina. Ms. Washington worked for Concelium from in or about December 2012 to in or about September 2016, and for Catamount from in or about October 2015 to in or about February 2016.

17.     Defendant Concelium is a North Carolina limited liability company doing business in, *inter alia,* Mecklenburg County, North Carolina. At all relevant times, Concelium operated as a tax return preparation business d/b/a Liberty Tax.

18.     Defendant Catamount is a North Carolina corporation doing business in, *inter alia,* Mecklenburg County, North Carolina. At all relevant times, Catamount operated as an insurance agency, d/b/a The Benefit Corner. Catamount's business focused on selling policies in compliance with the Affordable Care Act ("ACA").

19.     Defendant Chris Landis is a citizen and resident of Mecklenburg County, North Carolina. At all times relevant to this action, Chris was a Managing Member of Concelium and the President of Catamount and performed work for those entities in Mecklenburg County, North Carolina.

4

20. Defendant Amy Clay is a citizen and resident of Cabarrus County, North Carolina. At all times relevant to this action, Clay was a District Manager of Concelium and a District Manager of Catamount and performed work for those entities in Mecklenburg County, North Carolina.

21. Defendant Karen Landis is a citizen and resident of Cabarrus County, North Carolina and the mother of Defendant Chris Landis. At all times relevant to this action, Karen Landis was a Managing Member of Concelium and, upon information and belief, an owner, officer, executive, and/or agent of Catamount, and performed work for those entities in Mecklenburg County, North Carolina.

22. Defendant Michael Landis is a citizen and resident of Cabarrus County, North Carolina and the father of Defendant Chris Landis. At all times relevant to this action, Michael Landis was a Managing Member of Concelium and, upon information and belief, an owner, officer, executive, and/or agent of Catamount and performed work for those entities in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

### FLSA Coverage

23. The FLSA applies in this case on an enterprise basis.

24. Catamount's annual sales exceed $500,000.

25. Concelium's annual sales exceed $500,000.

26. At all relevant times, Catamount and Concelium had more than two employees engaged in interstate commerce.

5

27.     Plaintiffs engaged in interstate commerce during their employment with Concelium and Catamount and therefore were/are also covered by the FLSA on an individual basis.

### Defendants' Employment of Plaintiffs at Concelium

28.     Defendants initially employed each of the Plaintiffs to work for Concelium on an hourly basis as "Tax Preparers" during tax season, which Defendants defined as running from December 28 of one calendar year until April 15 of the next calendar year ("Tax Season").

29.     To induce Plaintiffs to become a Concelium employee, Defendants represented that Plaintiffs would be paid a rate of $8.25 per hour for their work. Plaintiffs agreed to work for Concelium on these terms, and reasonably relied on Defendants' representations as to Plaintiff's compensation.

30.     Plaintiffs' job duties as Tax Preparers included meeting with clients assigned to them by Defendants in the Concelium store locations where Plaintiffs were assigned, reviewing clients' financial information, and preparing tax returns for clients based on that information.

31.     Plaintiffs were also directed to market insurance products sold by Catamount while working with clients on their tax returns for Concelium.

32.     As hourly Tax Preparers, Plaintiffs were required to be in the Concelium store location a minimum 40 hours per week during Tax Season, and often in excess of 60 hours per week with limited or no breaks for meals as the April 15 tax deadline approached.

33.     Despite Plaintiffs' required working hours for Concelium, Defendants only permitted Plaintiffs to "clock-in" for two hours each day plus actual time spent preparing a tax return when a client came in. When Plaintiffs completed a client's return as a Tax Preparer, Defendants required Plaintiffs to "clock-out" until the next client came in.

6

34.     As a result, although Defendants required Plaintiffs to be in the store at least 8 hours per day and had represented that they would be paid for all time worked, Plaintiffs ultimately were only paid for a small portion of their actual working hours.

35.     Upon information and belief, even during times when Plaintiffs were clocked-in while preparing a client's tax return, there were multiple occasions when one or more of the Defendants would clock them out via remote computer access.

36.     Both the FLSA and North Carolina state law require employers to pay any employee employed in an enterprise engaged in commerce or in the production of goods for commerce not less than the minimum wage of $7.25 per hour.

37.     Pursuant to the FLSA, employers must also pay any such employee working more than forty (40) hours in a week an overtime rate of "not less than one and one-half times the regular rate at which he is employed."

38.     During the time Plaintiffs worked as Tax Preparers, the actual compensation Defendants paid them amounted to hourly rates dramatically below both the national and North Carolina statutory minimum wage, and the hourly rate of $8.25 per hour that Concelium represented and contracted that Plaintiffs would be paid.

39.     Defendants also failed to pay Plaintiffs at the overtime rate for time worked in excess of 40 hours per week.

40.     Even though Plaintiffs were full-time employees, Defendants also failed and/or refused to pay Plaintiffs benefits.

41.     Defendants' failure to pay Plaintiffs for all hours worked in violation of applicable law was knowing, willful, not in good faith, and the Defendants did not have

7

reasonable grounds for believing their actions and omissions were not in violation of applicable law.

42. Plaintiffs Mr. Meyers and Ms. Washington were subsequently named office supervisors of the Concelium offices at which they worked. As office supervisors, Mr. Meyers and Ms. Washington were each paid a salary of $480.00 per week or $12.00 per hour, but only during Tax Season.

### Defendants' Employment of Plaintiffs at Catamount

43. Before Plaintiffs went to work for Catamount, Defendants Chris and Clay represented that Catamount would pay Plaintiffs a commission of $85.00 for each policy they sold. At the time Defendants made this representation, they knew or should have known that this representation was false; nevertheless, Defendants made this representation to induce Plaintiffs to work for Catamount.

44. In reliance on this representation, Ms. Roberts and Ms. Eddington enrolled in an insurance licensing prep class, and subsequently took and passed their licensing exams to become licensed insurance agents working for Catamount.

45. Mr. Meyers, who already had his insurance license, similarly went to work for Catamount in reliance on Defendants' representation that he would be paid a commission of $85.00 for each policy sold.

46. Upon information and belief, Defendants had most Catamount workers, including at least Ms. Roberts and Mr. Meyers, sign Owner/Agent Agreements (each an "Agreement," collectively, the "Agreements") to govern the parties' working relationship.

47. These Agreements provided that the parties were in an "employer/employee relationship." They also directed Catamount employees to adhere to a work schedule for each

8

week "without exception other than emergencies or health issues that will be documented and presented to [Catamount]," and cautioned that an employee's failure to adhere to the assigned work schedule "may result in termination of employment without prior notice."

48.     The Agreements also set forth a dress code by which Catamount employees were to comply, directed employees to attend up to five days of training at a time and place designed by Catamount (with additional training as determined by Catamount at its discretion, all without compensation), and contained a non-compete clause purporting to restrict employees from working in competition with Catamount for one year after termination.

49.     Despite the language of the Agreement showing that Catamount workers were employees, however, the referenced "Addendum" provided that the employees would "be classified as…Independent Contractor[s]…responsible for payment of all income taxes, training and licensing fees," and that they each would "receive a 1099-MISC at the end of each calendar year."

50.     During open enrollment period in which insureds could sign up for insurance coverage under the ACA, Plaintiffs and other Catamount employees were often made to work in excess of 40 hours per week in the office and not allowed to take breaks even for meals.  In addition, Plaintiffs were then also made to work both during the week after normal work hours, and on weekends at designated locations and activities outside the office as arranged by Catamount, or as arranged by Catamount employees at Catamount's direction.

51.     Catamount employees were paid only a small draw each week towards promised commissions based on the total annual premium amounts of policies the employees had sold the week before.  These draw amounts were subsequently deducted from any commissions actually paid to them by Catamount.

9

52.     Catamount directed its employees on how to present various health insurance coverage options available under the ACA to potential customers. However, upon information and belief, no matter what coverage option a customer might want, Catamount directed its employees to try to sign customers up under a coverage option that required no (or a very low) out-of-pocket premium payment regardless of whether the customer had selected that option or, for that matter, even qualified for that coverage. Catamount explained that by doing this, employee and company commission revenues would remain high because fewer policies would be cancelled for nonpayment of premiums.

53.     Defendants frequently failed and/or withheld and refused to pay Plaintiffs commissions they were due and owing on policies sold. Moreover, even when commissions were paid to employees, including Plaintiffs, the amounts paid were typically between $4.00 and $6.00 per policy sold rather than the $85.00 per policy commission amount that Defendants Chris and Clay had represented Plaintiffs would be paid.

54.     Catamount and/or its principals thereafter also worked to take clients away from individual employees, including Plaintiffs, after the clients had become established with Catamount.

55.     As a result, Defendants worked to purposefully deprive Plaintiffs of recurring revenue from returning clients that Plaintiffs had had brought to Catamount.

56.     Upon information and belief, during the time Plaintiffs worked for Catamount, the actual compensation they were paid typically amounted to hourly rates substantially below the national and North Carolina statutory minimum wage of seven dollars and twenty-five cents ($7.25) per hour, and Defendants also did not pay Plaintiffs at the overtime rate for time worked in excess of 40 hours per week.

10

57.     Even though Plaintiffs were full-time employees, Defendants also failed and/or refused to pay Plaintiffs benefits.

58.     Defendants' failure to pay Plaintiffs for all hours worked in violation of applicable law was knowing, willful, not in good faith, and the Defendants did not have reasonable grounds for believing their actions and omissions were not in violation of applicable law.

59.     Despite repeated requests and demands, Defendants have failed and/or refused to pay Plaintiffs for compensation they are due since that time.

## FIRST CLAIM FOR RELIEF
**(Willful Violation of the Minimum Wage Requirements of the Fair Labor Standards Act)**

60.     Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

61.     Defendants failed to pay Plaintiffs in accordance with the statutory minimum wage, in violation of 29 U.S.C. § 206.

62.     Defendants' violations were knowing, willful, not in good faith, and the Defendants did not have reasonable grounds for believing their actions and omissions were not in violation of applicable law.

63.     As a direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have each been damaged in an amount in excess of $25,000.

64.     Plaintiffs are entitled to their unpaid wages, as well as liquidated damages, interest, costs and fees, and reasonable attorneys' fees as authorized by 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
**(Willful Violation of the Overtime Requirements of the Fair Labor Standards Act)**

11

65. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

66. Defendants failed to pay Plaintiffs overtime for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

67. Defendants' violations were knowing, willful, not in good faith, and the Defendants did not have reasonable grounds for believing their actions and omissions were not in violation of applicable law.

68. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have each been damaged in an amount in excess of $25,000.

69. Plaintiffs are entitled to their unpaid wages, as well as liquidated damages, interest, costs and fees, and reasonable attorneys' fees as authorized by 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
#### (Fraud)

70. Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

71. While Plaintiffs worked for Defendants, Defendants had a fiduciary duty as principals and managers of the businesses to only ask Plaintiffs to provide services for which Defendants had the ability to pay.

72. Upon information and belief, Defendants represented to Plaintiffs at the outset and repeatedly at different times during their employment that they would be paid the hourly rates for all hours worked and the commission amounts per policy sold for Concelium and Catamount, respectively, as referenced above.

73. Upon information and belief, at the time Defendants made those promises to induce Plaintiffs to work for them, and during the time Plaintiffs worked for Defendants,

12

Defendants had no intention to, and in fact did not reserve and prioritize monies to pay Plaintiffs in full and on time for the work they performed and the policies they sold.

74.    At the time Plaintiffs provided services for Defendants, Plaintiffs reasonably relied on Defendants' representations and reasonably expected timely payment in full for all wages, compensation and commissions due and owing to them.

75.    Upon information and belief, at the time Defendants received Plaintiffs' services, Defendants knew or had reason to know that Plaintiffs were relying on Defendants' promises of payment referenced above, and that Plaintiffs expected to be paid in full and on time and voluntarily accepted the services provided by Plaintiffs.

76.    Defendants false representations of material facts as described above, were reasonably calculated to deceive, made with the intent to deceive, or made with willful, wanton, and reckless disregard of the likelihood of deception and with the intent that they be acted upon.

77.    Plaintiffs were in fact deceived and suffered injury and damages due to Defendants' fraud, which damages were reasonably foreseeable.

78.    As a direct and proximate result of Defendants' fraud, Plaintiffs have each suffered damages in an amount in excess of $25,000.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

79.    Plaintiffs reallege and incorporate the preceding paragraphs as if fully set forth herein.

80.    Plaintiffs were willfully, wantonly, or recklessly deprived of payments to which they are entitled for the work they performed for Defendants.

81. Defendants have retained the benefits of unpaid work and unpaid commissions for policies sold by Plaintiffs under circumstances which render it inequitable and unjust for Defendants to retain such benefits.

82. Defendants have been unjustly enriched by failing and refusing to pay Plaintiffs for work performed and for withholding commissions for policies that Plaintiffs sold.

83. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have been damaged and are entitled to reimbursement, restitution, and disgorgement from Defendants of the benefits conferred by Plaintiff in an amount in excess of $25,000.

84. Plaintiffs are entitled to reimbursement, restitution, and disgorgement of monies received by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an award granting Plaintiffs the following relief:

1. A judgment against Defendants, jointly and severally, for all unpaid wages, commissions, and overtime pursuant to the FLSA in an amount in excess of $25,000 to be shown at trial;

2. Liquidated damages, interest, costs and fees, and reasonable attorneys' fees as authorized by 29 U.S.C. § 216(b);

3. In the alternative, a judgment against Defendants, jointly and severally, for compensatory, consequential, punitive, and/or exemplary damages, including attorneys' fees and costs, for Defendants fraud and/or unjust enrichment;

4. Pre-judgment and post-judgment interest as provided by law; and

14

5. Such other and further relief as the Court deems just and proper.

Dated: September 7, 2018.

Respectfully submitted,

By: _____
T. Jonathan Adams
N.C. Bar No. 21890
HAMILTON STEPHENS STEELE +
MARTIN, PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Tel: 704-344-1117
Fax: 704-344-1483
Email: jadams@lawhssm.com