UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00551-MOC-DCK

| | | |
|---|---|---|
| PATRICIA ROBERTS<br>ERNESTINE WASHINGTON<br>DAMMIONE MEYERS, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| Vs. | )<br>) | ORDER |
| CHRISTOPHER BRYAN LANDIS<br>AMY SHOE CLAY<br>CATAMOUNT MARKETING GROUP, INC.<br>KAREN B. LANDIS<br>CONCELIUM, LLC<br>MICHAEL S. LANDIS, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion to Dismiss (#6). While that motion is not ripe, the Court has noted plaintiffs' Response, which includes in its caption a "Notice of Intent to File a Motion for Leave to Amend the Complaint" (#8). While the Court appreciates that notice, it presents a procedural conundrum as Rule 15(a)(1)(B), Fed.R.Civ.P., specifically allows plaintiffs to amend their Complaint in these circumstances without seeking leave. Rule 15, amended in 2009, provides as follows:

> Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> ***
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1)(B).

Since no Answer was filed and the Motion to Dismiss (#6) was filed November 21, 2018, plaintiffs have until approximately December 12, 2018, to unilaterally file an amended complaint. That filing would, automatically, moot the Motion the Dismiss, requiring no Court intervention as the filing of an amended complaint renders an initial motion to dismiss moot, as it is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (citing Crysen/Montenay Energy Co. v. Shell Oil Co. 226 F.3d 160, 162 (2d Cir. 2000)); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.").

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent that plaintiffs have included a Notice in its Response, plaintiffs are directed to consider Rule 15(a), as discussed above, so as to avoid incurring unnecessary expense.

Signed: December 7, 2018



Max O. Cogburn Jr
United States District Judge